# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dave's Floor Sanding & Installing Inc., <br><br> Plaintiff, <br><br> v. <br><br> Chad Edward Landry, an individual, Dean Matthew Paulson, an individual, and Dave's Flooring Company, a Minnesota general partnership, <br><br> Defendants. | Court File No. _____ <br><br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiff Dave's Floor Sanding & Installing Inc. ("Dave's Floor Sanding & Installing"), through the undersigned attorneys, for its Complaint against Defendants Chad Edward Landry, Darren Matthew Paulson, and Dave's Flooring Company for damages and other legal and equitable relief from Defendants' violations of law, states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Dave's Floor Sanding & Installing Inc. is a Minnesota corporation with its principal place of business at 1451 92nd Lane NE Blaine, Minnesota 55449.

1

2. Chad Edward Landry and Darren Matthew Paulson have been operating and continue to operate a flooring business under the assumed name Dave's Flooring Company, which has a principal address of 601 Carlson Pkwy Ste 1050 Minnetonka, MN 55305. Defendants as individuals registered the assumed name of Dave's Flooring Company with the Minnesota Secretary of State.

3. Defendants Chad Edward Landry and Darren Matthew Paulson are operating as Dave's Flooring Company, which under Minnesota law is a partnership as it is, on information and belief, the "association of two or more persons to carry on as co-owners a business for profit." Minn. Stat. § 323A.0101(.8)

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the matter arises under Federal law, including but not limited to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

5. This Court has supplemental jurisdiction over any claims of state law pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants because their actions giving rise to this action have taken place, and continue to take place, within the District of Minnesota.

7. Venue is proper in this Court under 28 U.S.C. § 1391 (b), (c), and (d), as the business address at which Defendants operate Dave's Flooring Company is within the District of Minnesota, and the actions which give rise to this Complaint occurred primarily within.

## GENERAL FACTS

*Plaintiff's Service Mark*

8. Dave's Floor Sanding & Installing Inc. ("Dave's Floor Sanding and Installing" or "Plaintiff") is the owner of the service mark DAVE'S FLOOR SANDING & INSTALLING (hereinafter the "Mark").

9. Dave's Floor Sanding & Installing first used the Mark in commerce on or about January 1, 1978.

10. Dave's Floor Sanding & Installing operates a hardwood flooring business including installation, sanding, finishing, buffing, and coating services for customers (the "Plaintiff's Services").

11. Dave's Floor Sanding & Installing has built a reputation among consumers as a high-quality hardwood flooring business providing the Plaintiff's Services.

12. Dave's Floor Sanding & Installing has used the Mark continuously with the Plaintiff's Services since January 1, 1978.

13. As a result of Dave's Floor Sanding & Installing's continuous and longstanding use of the Mark, and excellent reputation in the floor sanding and installing services industry in and around Minnesota, relevant consumers and people in the industry have come to know the Mark, when used in connection with such services, as referring solely to Plaintiff Dave's Floor Sanding & Installing and Plaintiff's Services.

14. Brand recognition by consumers is a substantial part of Plaintiff's flooring business.

15. Because consumers purchase services like the Plaintiff's Services infrequently, they rely heavily on brand recognition of service providers with good reputations as a crucial part of selecting such services.

16. Plaintiff offers Plaintiff's Services through a registered website domain davesfloorsanding.com, on which it displays the Mark in connection with Plaintiff's Services.

17. Plaintiff also maintains social media accounts using the Mark in connection with Plaintiff's Services.

18. Plaintiff registered the Mark with the Minnesota Secretary of State's Office on November 7, 2007, Minn. Registration No. 2580249-2 for DAVE'S FLOOR SANDING & INSTALLING.

19. Plaintiff has maintained the registration of the Mark with the Minnesota Secretary of State continuously since its registration.

20. On September 28, 2023, Dave's Floor Sanding & Installing applied to register the Mark with the United States Patent and Trademark Office ("U.S.P.T.O."), application Serial No. 98202346.

21. A true and correct copy of the Mark's application with the U.S.P.T.O. is attached as **Exhibit A.**

22. Plaintiff's application is pending with the USPTO.

*Defendant's Infringing Mark*

23. Defendants provide in-home design consultation for homeowners.

24. Defendants have been offering their services using the mark DAVE'S FLOORING COMPANY ("Infringing Mark").

25. Defendants have recently begun offering services in the same geographic area as Plaintiff, including the seven-county metro area surrounding Minneapolis and St. Paul, Minnesota.

26. Defendants' services are competitive with, and often identical to, the Plaintiff's Services.

27. Plaintiff and Defendants are competitors in business.

28. Defendants market their goods and services in the same channels of trade as Dave's Floor Sanding & Installing.

29. Defendants display the Infringing Mark on advertising materials, trucks, and other consumer-facing displays.

30. On September 9, 2022, Defendants Chad Edward Landry and Darren Matthew Paulson registered the Infringing Mark as an assumed name with the Minnesota Secretary of State.

31. Defendants have registered a website domain name using the Infringing Mark – davesflooringcompany.com.

32. Defendants use the Infringing Mark in connection with social media accounts, including but not limited to a Facebook profile.

33. Plaintiff's use of the Mark predates Defendants' use of the Infringing Mark by approximately forty-five (45) years.

*Increasing Instances of Actual Confusion*

34. The Infringing Mark is substantially similar to DAVE'S FLOOR SANDING & INSTALLING.

35. Defendants' use of the Infringing Mark is substantially likely to cause confusion and, in multiple instances, has caused confusion.

36. Plaintiff is aware of consumers that intended to hire Plaintiff based on its reputation, but scheduled flooring appointments with Defendants as a result of the confusion created by the Infringing Mark.

37. Defendants have also been driving Dave's Flooring Company trucks in neighborhoods where Plaintiff has customers, leading to actual confusion.

38. Defendants' use of their Infringing Mark for flooring services and other related services has caused, and is likely to continue to cause, consumer confusion, mistake, or deception as to the source, sponsorship, or endorsement of its goods, services, and commercial activities.

39. Defendants' unauthorized use of the Infringing Mark is intentional.

40. Defendants' unauthorized use of the Infringing Mark is willful.

41. Defendants' conduct has caused irreparable injury to Dave's Floor Sanding & Installing's reputation and goodwill, for which Dave's Floor Sanding & Installing has no adequate remedy at law.

42. Defendants' acts constitute the use in commerce of Dave's Flooring Company in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion, mistake, or to deceive consumers and therefore infringe Dave's Floor Sanding & Installing's rights in its trademarks in violation of violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

*Dave's Floor Sanding & Installing's Prelitigation Attempts to Resolve Dispute*

43. Given the likelihood of confusion due to Defendants' use of the Infringing Mark, and the similar and identical services being offered, Dave's Floor Sanding & Installing contacted Defendants to reach a resolution regarding the use of the Infringing Mark.

44. Dave's Floor Sanding & Installing, through counsel, has sent multiple correspondence to and conducted phone calls with Defendants seeking a resolution of this matter.

45. Defendants' responses have failed to provide substantive information to provide legal justification for Defendants' infringement and Defendants have continued to use the Infringing Mark.

## COUNT I

## TRADEMARK INFRINGEMENT
## 15 U.S.C. §§ 1114 and 1125(a)

46. Plaintiff realleges and restates all preceding paragraphs of this Complaint.

47. Dave's Floor Sanding & Installing is the valid owner of the service mark DAVE'S FLOOR SANDING & INSTALLING.

48. The Mark is inherently distinctive and has acquired distinctiveness in the minds of the relevant consumers in that the marks identify a single source of Plaintiff's Services.

49. The "DAVE'S" designation, when used as part of the Mark and in connection with Plaintiff's Services, has acquired distinctiveness in that the relevant consumers associate that designation with a business as opposed to an individual with that name.

50. Defendants have promoted and marketed their business by displaying the Infringing Mark, DAVE'S FLOORING COMPANY.

51. By the acts complained of herein, Defendants' use of marks similar to marks owned by Dave's Floor Sanding & Installing is likely to cause confusion, mistake, and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

52. Defendants' aforementioned acts have caused and will continue to cause great and irreparable injury to Dave's Floor Sanding & Installing and, unless such acts are restrained by this Court, such acts will continue and Dave's Floor Sanding & Installing will therefore continue to suffer great and irreparable injury.

53. As a direct and proximate result of Defendants' infringement of Dave's Floor Sanding & Installing's trademark registrations identified herein, Dave's Floor Sanding & Installing has suffered and will continue to suffer, monetary damages in an amount to be proven at trial, but which Dave's Floor Sanding & Installing Inc. believes to be in excess of $75,000.00, and irreparable injury to its business, reputation, and goodwill.

54. Defendants' unlawful acts were committed willfully, knowingly, maliciously, and in conscious disregard of Dave's Floor Sanding & Installing's rights.

55. As a direct and proximate result of Defendants' trademark infringement, Dave's Floor Sanding & Installing Inc. has been required to retain the services of an attorney and is entitled to an award of reasonable attorneys' fees and costs incurred in the litigation of this claim.

## COUNT II

### VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES
### (MINN. STAT. § 325D.44)

56. Dave's Floor Sanding & Installation restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

57. Dave's Floor Sanding & Installation is entitled to protection under Minn. Stat. § 325D.44.

58. Defendants' use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Dave's Floor Sanding & Installing with Defendants.

59. Defendants' use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the origin, sponsorship, or approval by Dave's Floor Sanding & Installing Inc. of Defendants' business.

60. Defendants' use of the Infringing Marks constitutes a deceptive trade practice under Minn. Stat. § 325D.44, subd. 1.

61. Dave's Floor Sanding & Installing has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

62. Dave's Floor Sanding & Installation is therefore entitled to injunctive relief under Minn. Stat. § 325D.45, subd. 1.

63. Defendants' conduct in violation of Minn. Stat. § 325D.44 was willful, including continuing with its use after being informed of its deceptive and infringing nature, and Dave's Floor Sanding & Installing is therefore entitled to attorneys' fees and costs under Minn. Stat. § 325d.45, subd. 2.

## COUNT III

**VIOLATION OF MINNESOTA TRADEMARK INFRINGEMENT STATUTE**
**(Minn. Stat. §333.28)**

64. Dave's Floor Sanding & Installation restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

65. Dave's Floor Sanding & Installation is entitled to protection under Minn. Stat. § 333.28.

66. Dave's Floor Sanding & Installation is the owner of a valid trademark.

67. Defendants' use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Dave's Floor Sanding & Installing with Dave's Flooring Company.

68. Defendants' use of the Infringing Marks constitutes a trademark infringement under Minn. Stat. § 333.28.

69. Dave's Floor Sanding & Installing has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

70. Dave's Floor Sanding & Installing is therefore entitled to injunctive relief under Minn. Stat. § 333.29.

71. Defendants' conduct in violation of Minn. Stat. § 333.28 was willful, including continuing with its use after being informed of its infringing nature, and Dave's Floor Sanding & Installing is therefore entitled to attorneys' fees and costs under Minn. Stat. § 333.28.

**WHEREFORE,** Dave's Floor Sanding & Installing, Inc. respectfully requests that the Court issue an order as follows:

1. Issuing Judgment for Dave's Floor Sanding & Installing, Inc. on all counts against Defendants, with said Judgment joint and several pursuant to Minn. Stat. §§ 323A.0306-07;

2. Awarding Dave's Floor Sanding & Installing, Inc. a judgment for actual damages, compensatory damages, statutory damages, and profits stemming from Defendants' unlawful conduct in an amount to be determined at trial but in excess of $75,000;

3. Awarding Dave's Floor Sanding & Installing, Inc. exemplary and punitive damages for the willful misappropriation and infringement of the Mark;

4. Enjoining Defendants from further misappropriation and infringement of the Mark; and

5. For such other relief that this Court may deem just and proper.

**CHESTNUT CAMBRONNE PA**

Dated: November 30, 2023      By: _s/_ _Christopher P. Renz_____
    Christopher P. Renz (MN #0313415)
    Allison E. Cole (MN # 0402640)
    100 Washington Ave. S., Suite 1700
    Minneapolis, MN 55401
    Telephone: (612) 339-7300
    crenz@chestnutcambronne.com
    acole@chestnutcambronne.com

*Attorneys for Dave's Floor Sanding & Installing, Inc.*